**Opinion issued July 23, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00841-CV

_____

**SHELITA COOPER, Appellant**

**v.**

**BRIDENT DENTAL AND ORTHODONTICS AND DR. MARTIN FU,**
**Appellees**

---

**On Appeal from the 96th District Court**
**Tarrant County, Texas**
**Trial Court Case No. 096-350288-24**

---

## MEMORANDUM OPINION

Appellant Shelita Cooper sued appellees Brident Dental and Orthodontics (Brident) and Martin Fu, a dentist, for negligence in the performance of a dental procedure. Appellees filed a motion to dismiss after Cooper failed to timely serve an expert report as required by section 74.351(a) of the Texas Civil Practice and

Remedies Code. TEX. CIV. PRAC. & REM. CODE § 74.351(a). The trial court granted the motion, awarded appellees attorney's fees, and dismissed Cooper's suit with prejudice. Cooper appealed.

In four issues, Cooper argues that the trial court erred in dismissing her suit[1] against appellees because (1) appellees failed to obtain prior authorization from Cooper's insurer for the dental procedure, (2) appellees' affirmative defense of "pandemic disease" does not apply, and (3) appellees failed to take responsibility for Cooper's pain and suffering. Cooper also argues that she did serve an expert report. Even assuming that Cooper timely served the document she claims to be an expert report, we conclude that it does not qualify as an expert report under section 74.351 of the Texas Civil Practice and Remedies Code and, thus, the trial court did not err in dismissing Cooper's suit under that section. We affirm the trial court's dismissal order and do not reach Cooper's remaining issues.

## Background

On February 16, 2024, Cooper filed suit against Brident and Dr. Fu.[2] In her original petition, Cooper alleged dental negligence during a multi-phase procedure

---

[1] In her brief, Cooper complains that the trial court "erred in granting summary judgement [sic]." The record reflects that the trial court granted a motion to dismiss, not a motion for summary judgment. We construe Cooper's brief as complaining that the trial court erred in granting the motion to dismiss.

[2] In addition to Brident and Dr. Fu, Cooper's original petition named as a defendant "Mr. Irving." However, Cooper does not complain on appeal that the trial court erred in dismissing suit against "Mr. Irving," and we do not address that issue.

2

to install dental implants. She alleged that the first phase of the procedure caused her pain and required healing before the next phase could begin. After she arrived for the second phase of the procedure, the dental office manager informed her that there was a mistake, that Brident had not obtained prior authorization from Cooper's insurer for the procedure, and that the procedure could not continue. According to Cooper, Dr. Fu would not complete the procedure unless Cooper paid for the procedure in full at her own expense. Cooper did not pay for the procedure and Dr. Fu did not complete it, allegedly causing Cooper to suffer infections, pain, difficulty eating, and other symptoms.

On March 22, 2024, Brident and Dr. Fu filed an original answer, generally denying Cooper's allegations and asserting various affirmative defenses.

On August 6, 2024, Brident and Dr. Fu filed a motion to dismiss on the basis that Cooper had failed to comply with section 74.351 of the Texas Civil Practice and Remedies Code, which requires that a health care liability claimant timely serve an expert report in support of her claim. On August 14 and 15, 2024, Cooper filed responses to the motion and argued the merits of her claim against Brident and Dr. Fu. She also attached—but did not address in the body of her responses—what she contends, on appeal, is an expert report in support of her claim. On August 29, 2024, the trial court held an oral hearing on the motion to dismiss, and Cooper and counsel for appellees were present. The following day, the trial court entered a written order

3

dismissing Cooper's suit with prejudice and awarding attorney's fees to Brident and Dr. Fu. Cooper timely filed a notice of appeal.[3]

**Expert Report in Suit for Health Care Liability Claim**

Cooper contends that the trial court erred in granting Brident and Dr. Fu's motion to dismiss because she provided an expert report as required by section 74.351(a) of the Texas Civil Practice and Remedies Code. Brident and Dr. Fu respond that Cooper never served an expert report at all. Because this issue is dispositive of the appeal, we address it first. *See Chiles v. Chubb Lloyds Ins. Co.*, 858 S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (addressing dispositive issue first).

**A.    Standard of Review**

We generally review a trial court's ruling on a motion to dismiss under section 74.351(b) for abuse of discretion. *Demerson v. Smith*, 695 S.W.3d 853, 859 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) (citing cases). However, a trial court has no discretion to refuse to dismiss a claim if no expert report is served by the statutory deadline. *Morris v. Umberson*, 312 S.W.3d 763, 766 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A document that fails to include "the opinion of an

---

[3]    Cooper's notice of appeal was titled "a notice of motion appeal [sic] my case." This document, even if defective, qualifies as a bona fide attempt to invoke appellate court jurisdiction. *See In re J.M.*, 396 S.W.3d 528, 529-30 (Tex. 2013) (noting that "Motion for New Trial or, in the Alternative, Notice of Appeal" was bona fide attempt to invoke appellate jurisdiction).

4

individual with expertise that the claim has merit" and implicate the conduct of the defendant is no report at all. *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011); *Haskell v. Seven Acres Jewish Senior Care Servs., Inc.*, 363 S.W.3d 754, 759 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

## B.      Analysis

Section 74.351(b) of the Texas Civil Practice and Remedies Code requires that the trial court, on a defendant physician or health care provider's motion, dismiss with prejudice a health care liability claim against the physician or health care provider if the claimant fails to serve an expert report that satisfies the statute's requirements no later than 120 days after the filing of each defendant's original answer. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b). A claimant fulfills the service requirement by complying with rule 21a of the Texas Rules of Civil Procedure, which authorizes methods of service. *Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Cooper does not argue on appeal, and did not argue below, that her claim is not a "health care liability claim." *See id.* § 74.001(a)(13) (defining "health care liability claim"). She likewise does not argue on appeal, and did not argue below, that Brident and Dr. Fu are not a health care providers. *See id.* § 74.001(a)(12)(A) (defining "health care provider"). Rather, Cooper argues that she provided an expert report as required by section 74.351(a). Accordingly, we address

only this contested issue. *See Haskell*, 363 S.W.3d at 756 n.2 (not addressing whether claim was health care liability claim where appellant did not challenge that finding on appeal).

Under section 74.351(r)(6) of the Texas Civil Practice and Remedies Code, an expert report is

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6). "[A] document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Scoresby*, 346 S.W.3d at 549. A document may be deficient and nonetheless qualify as an expert report, in which case a defendant must first object to the report's deficiencies or else waive them. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a) (requiring objections to sufficiency of report within 21 days of service of report); *Haskell*, 363 S.W.3d at 759 (noting that failure to object to deficient expert report waives objections and trial court would lack authority to dismiss). However, "a document utterly devoid of substantive content" does not qualify as an expert report. *Scoresby*, 346 S.W.3d at 549; *see Velandia v. Contreras*, 359 S.W.3d 674, 679 (Tex. App.—

6

Houston [14th Dist.] 2011, no pet.) (holding that doctor's letter failed to satisfy *Scoresby*'s minimum standard and therefore did not qualify as expert report).

On August 14, 2025, in response to Brident and Dr. Fu's motion to dismiss, Cooper made a single filing that appears to contain two documents: The first is a document dated August 8, 2024, that argues the merit of Cooper's malpractice claim and is signed by Cooper. The second is a document dated June 6, 2024, that is labeled "EXPERT REPORT" and contains Cooper's credentials. Even assuming that the former document could suffice as an expert report, nothing in the document suggests that it was timely served within 120 days of Brident and Dr. Fu's original answer, as section 74.351(a) requires.[4] Rather, the August 8, 2024 document indicates, by its own dateline, that it was *not* timely served, and it does not include any signed certification as proof of timely service. *See* TEX. R. CIV. P. 21a (specifying methods of service and requiring proof of service); *Gutierrez*, 237 S.W.3d at 872 (noting that section 74.351(a)'s service requirement requires compliance with rule 21a of Texas Rules of Civil Procedure). We do not address the substance of the August 8, 2024 document because, even if it qualifies as an expert report, the document was not timely served.

---

[4] Under section 74.351(a), 120 days after Brident and Dr. Fu filed their original answer was Saturday, July 20, 2024. The next business day was Monday, July 22, 2024. TEX. CIV. PRAC. & REM. CODE § 74.351(a).

As to the June 6, 2024 document, the dateline, at least, suggests timely service. Because neither Brident nor Dr. Fu argues that Cooper failed to serve this document in compliance with rule 21a of the Texas Rules of Civil Procedure, we will assume, without deciding, that the document was timely served on appellees and address whether the document qualifies as an expert report under section 74.351. The June 6, 2024[5] document reads, in relevant part:

> EXPERT REPORT:
>
> I SHELITA COOPER EDUCATION CURRICULUM ARE: State of Louisiana and Texas Code 74.351(b)(2)
>
> - High School Diploma I
>
> - School of Ministry 28 -weeks Christian Education
>
> - Ministry License as Minister Shelita Cooper to Preach the Gospel – 3 years of training and working in Ministry.
>
> - Louisiana Department of Education Certify Family Day Care Home Program
>
> - Louisiana Department of Health and Hospitals Office of Public Health- 3 hours Medication Administration
>
> - Nunez Community College Credential of Applied Science in Care and Development of Young Children

---

[5] Although we assume, without deciding, that Cooper timely served the June 6, 2024 document, we have serious doubts that the document was, in fact, served on or even prepared by June 6, 2024. The document states: "I request that; [sic] my case do not be dismissed with prejudice and to Jury Trial." The document reads as if prepared in response to appellees' motion to dismiss, which was filed on August 6, 2024, well after Cooper's deadline to serve an expert report under section 74.351(a).

8

- Nunez Community College Associate Degree of Applied Science in Care and Development of Young Children

- Certificate of Completion for New Member Orientation

- Certificate of Appreciation Women Class

- Texas University of Theology Bachelor of Arts in Chaplain Ministry

Nowhere does the document include "a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Scoresby*, 346 S.W.3d at 549. The only mention of Brident or Dr. Fu is in the style of the case at the top of the document, and nothing in the document explains any failure by Brident or Dr. Fu to meet the applicable standard of care. *See Haskell*, 363 S.W.3d at 760.

Notwithstanding Cooper's lack of qualifications to serve as her own expert, the document is so lacking in substantive content that it does not qualify as an expert report. *See, e.g.*, *id.* at 758-60 (concluding that letters from three doctors describing plaintiff's treatment, without any opinion regarding malpractice claim, did not qualify as expert reports); *Velandia*, 359 S.W.3d at 678-79 (concluding that doctor's letter, which contained no statement of standard of care or how defendant failed to meet standard, was not expert report). Accordingly, assuming without deciding that Cooper timely served this document, it is not an expert report that satisfies the minimum requirements of section 74.351(a), and the trial court did not err in dismissing the claims against Brident and Dr. Fu. Indeed, under these circumstances,

9

section 74.351(b) required the trial court to dismiss Cooper's claims—a harsh outcome for what otherwise might have been a meritorious action. *See Oramas v. UTMB Health (Hosp.) at Galveston*, No. 25-0917, ___ S.W.3d ___, 2026 WL 1765371, at *1-4 (Tex. June 19, 2026) (Young, J., concurring in denial of petition for review) (noting that courts have no choice but to dismiss when claimant fails to timely serve expert report, no matter how sympathetic the claim). Cooper's allegations of dental malpractice are serious, but the statute leaves us no room to "create exceptions to make the law more flexible or less harsh." *Oramas v. Univ. of Tex. Med. Branch at Galveston*, No. 01-24-00399-CV, 2025 WL 2446013, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 2025, pet. denied).

Because Cooper's failure to timely serve an expert report is dispositive of the appeal, we do not address Cooper's remaining issues. *See Chiles*, 858 S.W.2d at 636 (not addressing remaining issues after resolving appeal on dispositive issue).

### Attorney's Fees

Although not stated in any of her issues presented for review, Cooper requests in her prayer that this Court "waive all . . . attorney fees associated the [sic] trial" on grounds of hardship. Assuming, without deciding, that Cooper has preserved this issue for appellate review, we have no power to reverse the trial court's award of attorney's fees on the basis that Cooper is indigent. When a health care liability claimant fails to timely serve an expert report, the trial court "shall" award

reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE § 74.351(b)(1). The statute does not allow the trial court to consider indigency or any other factor. *See Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 WL 6493411, at *2 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (noting that rule 91a of Texas Rules of Civil Procedure does not exempt indigent parties from mandatory fee-award provision); *cf.* TEX. FAM. CODE § 81.005(b) (requiring trial court, in exercise of discretion to award fees in certain family-law cases, to consider "income and ability to pay of the person against whom the fee is assessed").

## Conclusion

We affirm the trial court's judgment.


Amparo "Amy" Guerra
Justice


Panel consists of Justices Guerra, Gunn, and Morgan.